CHARLES E. TONEY, Appellant, *v.* NEW AMSTERDAM CASUALTY COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, January 8, 1925.

Assignments — action to recover on written assignment executed in favor of plaintiff as part payment of his fees as attorney for services in criminal action — assignment was for part of cash deposited as collateral security for bond given by defendant on admittance of plaintiff's client to bail — bond executed by defendant's agent on payment of money to said agent — money deemed in possession of defendant though agent retained it — defendant had knowledge of assignment before agent returned money to plaintiff's assignor on disposition of client's case — defendant liable.

Plaintiff is entitled to judgment, in an action to recover upon a written assignment executed in his favor as a part payment of his fees for services as attorney in a criminal case, where it appears that the assignment was for a portion of the cash deposited as collateral security for a bail bond given by the defendant upon the admittance of the plaintiff's client to bail, and that the bond was executed by the defendant's agent upon payment of the money to the said

agent, since the agent's possession of the deposit was the possession of the defendant, though the agent did not actually turn over the money to the defendant, and since the defendant had knowledge of the assignment before the agent returned the money to the plaintiff's assignor on disposition of the criminal case.

APPEAL by plaintiff from a judgment of the Municipal Court of the City of New York dismissing his complaint after trial before the court without a jury.

*Charles E. Toney,* attorney in person, for the appellant.

*Frederick Mellor [Albert J. Hiers* of counsel], for the respondent.

O'MALLEY, JAMES, J.:

The plaintiff, who is an attorney at law, represented one Paul Nelson on a charge of grand larceny in the Court of General Sessions. Nelson had been admitted to bail on a bond of the defendant in the sum of $1,500 and there had been deposited on his behalf $1,500 cash as collateral security for the bond. The deposit was made in the name of one Adele Hamilton, who executed a written assignment to the plaintiff of $700 of the amount deposited as part payment of his fees for services in the defense of Nelson.

This action is brought to recover on the assignment. The complaint was dismissed apparently upon the theory that the cash deposited as collateral was never in the possession of the defendant, and that in any event it had no notice of the assignment until after the $1,500 had been returned to plaintiff's assignor.

I am of opinion that defendant's contention that it never was in possession of the cash collateral cannot be sustained. Concededly the money came into the hands of its agent Leipzig who was authorized to negotiate, and had in fact executed, the bond in question. As such agent he had implied authority to do everything essential in connection with the issuance of the bond. As the bond would not have been issued by the defendant without the deposit of collateral, Leipzig was vested with authority to accept the collateral on the defendant's behalf and his possession was the possession of the defendant. The fact that Leipzig did not actually turn over the money to the defendant could not affect the situation or its liability. As the defendant was protected from any possibility of loss by Leipzig's bond of indemnity, it was obviously of no importance to the defendant whether Leipzig retained the collateral or turned it over to the defendant.

There remains the question of whether the defendant had knowledge of the assignment before Leipzig returned the money to plaintiff's assignor. I am of opinion that the evidence discloses that it did have such knowledge, and that a finding to the contrary would

be against the weight of evidence. Nelson's case was disposed of on December 20, 1923, and the plaintiff took immediate steps to secure the benefit of his assignment. He testified that he at once communicated with the defendant by telephone, and gave notice of the assignment to a Mr. Joyce, one of the defendant's employees. While Joyce denied that the plaintiff telephoned on December twentieth, it is undisputed that on the morning of the following day, December twenty-first, and before the money was paid over, the plaintiff called on Joyce and showed him the assignment. The plaintiff testified that Joyce requested him to have it duly acknowledged, and that before plaintiff took it away for that purpose, Joyce had a copy of it made for his files. While Joyce denies having the paper copied, he does admit having seen it and having suggested to the plaintiff that he have it acknowledged.

According to defendant's evidence the check by which the money was returned and which was dated December 21, 1923, was delivered by Leipzig at one o'clock in the afternoon. It appears, however, that the check was not paid at the bank until three days later, December twenty-fourth. However this may be, the evidence clearly shows that before the check was delivered, the defendant, through Joyce, had knowledge of the assignment and had requested the plaintiff to have it duly acknowledged. Under the circumstances I am clearly of the opinion that the defendant should be held liable for its disregard of plaintiff's rights under his assignment.

Judgment reversed, with $30 costs, and judgment ordered for plaintiff in the sum of $700, with interest from December 21, 1923, and costs.

All concur; present, GUY, O'MALLEY and LEVY, JJ.